(*Circuit Court of Cook County.*)

## The People ex rel. John Mullin and Peter McHugh

### vs.

## Seth F. Hanchett, Sheriff.

### (1886.)

1. HABEAS CORPUS—PRACTICE ON RETURN. By the American practice on the return to a habeas corpus writ the relator may demur, or move his discharge, which operates as a demurrer, may plead as for example by way of confession and avoidance or may by replication reply to the facts contained in the return.

2. HABEAS CORPUS—DEMURRER TO RETURN—EFFECT. By a demurrer to a return to a writ of habeas corpus, the facts set forth in the return are admitted but are, however, alleged to be insufficient in law to justify the detention.

3. EXECUTIONS AGAINST THE BODY—CIVIL PROCEEDINGS—WHEN AUTHORIZED. An execution against the body of the defendant in Illinois is only authorized in a civil suit in the cases mentioned in the statute namely: Where there is a tort judgment

against the defendant or where he has been held to bail upon a writ of *capias ad respondendum* provided by law or where he has refused to deliver up his estate for the benefit of his creditors.

4. ARREST IN CIVIL CASE—WHEN WRIT INSUFFICIENT. Where the relator in a habeas corpus case is held upon a writ issued in a civil proceeding which shows that it was issued without any order of court and also fails to show on its face that it was issued in a case where judgment was obtained for a tort committed by the defendant or a case in which he had been held to bail upon a writ of *capias ad respondendum* or that he has refused to surrender his estate for the benefit of creditors; no presumption arises that its issuance was proper and the writ is void.

5. ARREST IN CIVIL CASE—WHEN WRIT PRESUMED PROPER. When writ upon which relator is held purports to be issued in one of the three cases mentioned in the statute it is presumed to be a proper writ.

6. ARREST IN CIVIL CASE—TORT ACTION—WHAT SHOWS. A writ reciting that the amount recovered by the plaintiff was "by said court adjudged to the said plaintiff for his damages *in his action of trespass*" shows upon its face that it was issued in a tort action and justifies the detention.

Petition for *habeas corpus*. Heard before Judge Murray F. Tuley. The facts are stated in the opinion.

*H. O. Daid & C. A. Knight,* for relators.

*Brandt & Hoffman,* for respondent.

TULEY, J.:—

The sheriff makes return to the writ of *habeas corpus* that he holds relators by virtue of a certain writ called a *capias ad satisfaciendum,* a copy of which he attaches; also that the first arrest was made June 30th, 1886, when the relators were taken to the county court upon their petition to be discharged under the Insolvent Debtors' Act; that their petition was denied and that relators having unsuccessfully prosecuted their appeal to the circuit court, thence to the appellate and thence to the supreme courts, he, upon the proper order of affirmance being filed in the county court, again on the 26th of November, 1886, took the relators into custody

under said writ.[1] To this return the relators demurred as insufficient in law to authorize the detention.

Formerly by the common law practice the return had to be taken as true, and could not be traversed, but by the American practice the relator may demur, or move for his discharge, which operates as a demurrer; may plead, as for example, by way of confession and avoidance, or may by replication reply to the facts contained in the return.

By the demurrer the facts set forth in the return are admitted, but are alleged to be insufficient in law to justify the detention.

The sheriff here returns that he detains the prisoners by virtue of a certain writ of *capias ad satisfaciendum,* and the issue made is whether or not that writ is sufficient in law, or, in other words,—is the writ a valid and legal writ?

Sec. 4 of chap. 77 on Judgments and Executions provides, that all executions shall run "against the lands, tenements, goods and chattels of the person against whom the same is obtained, or against his body, when the same is authorized by law."

When is an execution against the body "authorized by law?" The answer is found in the next section, sec. 5:

"No execution shall issue against the body of the defendant except when the judgment shall have been obtained for a tort committed by such defendant, or unless the defendant shall have been held to bail upon a writ of *capias ad respondendum,* as provided by law, or he shall refuse to deliver up his estate for the benefit of his creditors."

In the interest of the liberty of the citizen, the construction of this clause must be that the expression of the cases in which the writ may issue precludes the idea that it may be issued in any other case. There is no form of this writ prescribed by statute in this state.

The writ of *capias ad satisfaciendum,* according to the common law practice, contained recitals showing, among other

---

[1] See *In re John Mullen, et al.,* 112 Ill. 551.—Ed.

details, the kind of action and the nature of the judgment upon which it was issued.

In this state, or at least in this county, the form that has been used has omitted the details of the proceedings in the case, but I find no decision adjudicating upon its sufficiency. If the form in use by the common law had been followed in our practice, there would be no difficulty in determining whether or not the writ was issued in any of the cases authorized by section 5.

When the writ shows that it was issued without any order of the court, and it also fails to show on its face that it was issued in a case where judgment was obtained for a tort committed by the defendant, or in a case in which the defendant had been held to bail upon a writ of *capias ad respondendum*, or that the defendant had refused to deliver up his estate for the benefit of the creditors,—no presumption arises that its issuance was authorized by law. That was the kind of a writ issued in the Lambert case and which I held, upon the issue joined in that case, to be a void writ. If the writ purports to have issued in one of the three cases mentioned, in the statute, then the presumption arises that it was properly issued, but when it does not purport to be so issued, no such presumption arises. It seems to me that upon the issue made by the demurrer to a return of this kind, the spirit of our supreme court decisions, which have been so broadly in favor of liberty, demand this construction, to-wit, that the writ show upon its face that it was issued in one of the three cases mentioned in section 5 of chapter 77 on Judgments, or that it was issued upon the order of the judge.

The writ in this case differs widely from the writ in the Lambert case. In that case the writ recited neither the kind of action, nor the character of the judgment. The recital was of the recovery, i. e. a judgment against the defendant for $5,000, which "by said court was adjudged to the plaintiff for his damages." In the case at bar the writ recites

that the amount recovered by the plaintiff was "by the said court adjudged to the said plaintiff for his damages *in his action of trespass.*" All trespasses are torts, and it therefore appears upon the face of the writ that it was issued on a judgment in an action of trespass, i. e. for a tort committed by the defendant, and was therefore authorized by law, it being in one of the three cases in which such writs are authorized by said section 5. It also appears by the return in this case that the relators by all the courts from the county court to the supreme court, have been denied a discharge under the Insolvent Debtors' Act; and by the opinion of the supreme court it appears that it was upon the ground that malice was the gist of the action upon which this writ issued, and, therefore, necessarily, that it was for a tort. See *People ex rel. Robinson v. Hanchett,* 111 Ill. 90.

Some other points are made by counsel for relators, based, largely, upon my opinion in the Lambert case. It is apparent from that opinion that it is based upon two main points. 1st: that upon the issue joined, the return was insufficient, because the writ did not show that it was issued for a tort or in any of the cases mentioned in section 5; and, 2nd, because a board payment was made, as shown by the return, upon a Sunday a *dies non.*

Upon the hearing of this case a provision of the statute was cited which was not cited in the Lambert case, and which escaped the notice of the court. It is sec. 65, ch. 77. It provides that a debtor, when arrested upon an execution against the body, "shall be conveyed to the county jail * * * and kept in safe custody until he shall satisfy the execution or be discharged according to law."

This statute incorporates itself into the commitment and is a command to the sheriff which in and of itself fixes a limit to the term of imprisonment, and is of itself an answer to all the other points made by relators, except that in regard to the payments of the board money. As to that, the presumption is that the first week's board was refunded, as

it was not needed, and as to the last payment, I am of opinion that the sheriff had a right to demand it before making the rearrest.

In this case the return of the sheriff to the writ of *habeas corpus* will be adjudged sufficient and the relators will be remanded to the sheriff's custody.